09-3369-ag
Klobucista v. Holder

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 30th day of September, two thousand ten.

PRESENT:  JON O. NEWMAN,
          REENA RAGGI,
                    *Circuit Judges*,
          JED S. RAKOFF,
                    *District Judge*.[*]

------------------------------------------------------------

ISNI KLOBUCISTA,

                *Petitioner*,

     v.                                  No. 09-3369-ag

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,

                *Respondent*.

------------------------------------------------------------

APPEARING FOR PETITIONER:  OLEH R. TUSTANIWSKY, New York, New York (Andrew P. Johnson, New York, New York, *on the brief*).

APPEARING FOR RESPONDENT:  BRENDAN P. HOGAN, Attorney (Tony West, Assistant Attorney General, Keith I. McManus, Senior Litigation Counsel, *on the brief*), Office of

---

[*] District Judge Jed S. Rakoff of the United States District Court for the Southern District of New York, sitting by designation.

Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED in part and DENIED in part.

Isni Klobucista, a native and citizen of Macedonia, seeks review of a July 8, 2009 order of the BIA affirming the October 23, 2007 decision of Immigration Judge ("IJ") Patricia A. Rohan denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). See In re Isni Klobucista, No. A095 001 481 (B.I.A. July 8, 2009), aff'g No. A095 001 481 (Immig. Ct. N.Y.C. Oct. 23, 2007). Where, as here, the BIA does not expressly adopt the IJ's decision but closely tracks the IJ's reasoning, we may consider both the IJ's and the BIA's opinions for the sake of completeness. See Zaman v. Mukasey, 514 F.3d 233, 237 (2d Cir. 2008). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating such findings as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); see also Yanqin Weng v. Holder, 562 F.3d 510, 513 (2d Cir. 2009). In applying these standards, we assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision.

1.    Asylum

2

This Court lacks jurisdiction to review Klobucista's challenge to the pretermission of his asylum application. See 8 U.S.C. § 1158(a)(2)(B), (a)(3). Although we retain jurisdiction to review constitutional claims or questions of law, Klobucista challenges only the correctness of the agency's factual findings. See 8 U.S.C. § 1252(a)(2)(D); Xiao Ji Chen v. U.S. Dep't of Justice, 471 F.3d 315, 329 (2d Cir. 2006). Accordingly, we dismiss the petition insofar as it seeks review of the agency's pretermission ruling.

2. Withholding of Removal and CAT Relief

Turning to Klobucista's claims for withholding of removal and CAT relief, we conclude that substantial evidence supports the agency's adverse credibility determination. The IJ reasonably based its determination on discrepancies between Klobucista's written asylum application and his oral testimony, along with the implausibility of certain aspects of his claim. See Lin Zhong v. U.S. Dep't of Justice, 480 F.3d 104, 116-17 (2d Cir. 2007); Xiao Ji Chen v. U.S. Dep't of Justice, 471 F.3d at 335-336. Specifically, the IJ noted Klobucista's (1) failure to testify to a January 2000 incident mentioned in his written asylum application during which security officers allegedly stormed his home, arrested members of his family, and eventually sentenced his father to five years' imprisonment; (2) lack of knowledge about the current security situation in Macedonia despite his claimed fear for his life; and (3) acknowledgment that he left Macedonia in 1999 and was unharmed upon his return. These inconsistencies amply supported the agency's adverse credibility determination. Further, having called Klobucista's credibility into question, the IJ did not

3

err in basing her adverse credibility determination in part on Klobucista's failure to corroborate his claim with reasonably available evidence. See Biao Yang v. Gonzales, 496 F.3d 268, 273 (2d Cir. 2007).

We note that the record reflects some confusion in Klobucista's testimony, which led to some confusion in the IJ's findings. In his asylum application, Klobucista recounted four occasions on which he was arrested. These occurred in October 1996, April 1999, January 2000, and June 2000. The application states that the 1996 arrest occurred at his uncle's house and does not mention the arrest of any family members. It further states that the January 2000 arrest occurred at his house, and on that occasion, "[t]hey stormed the house and lined every member of our entire family against a wall in our courtyard" and "we were kept in the courtyard for almost an hour, in the cold of January" before being taken to the local police station and ultimately to prison. On this occasion his father was given a five-year sentence.

At the hearing, Klobucista testified that his first "problems" occurred in October 1996, when he was arrested at his uncle's house. When asked what happened, he testified, "They entered the house and they lined us on the wall, all of us," and that "it was cold and it was night." However, according to the asylum application, being lined up and standing in the cold occurred during the January 2000 incident.

When the IJ asked Klobucista why he had not mentioned the January 2000 incident in his testimony, Klobucista answered, "I thought that I told this incident when I said that

4

they lined us on the wall," to which the IJ responded, "Well, sir, you told us that they lined you on the wall in connection with a different incident." In his opinion, the IJ stated that Klobucista failed to mention the January 2000 incident or the fact that his father was sentenced to five years. In fact, Klobucista had testified to details of the January 2000 incident, but had understandably led the IJ to think that this incident had not been mentioned because Klobucista recounted its details when testifying about the 1996 incident.

The fact remains that, as the IJ noted, there are discrepancies between the testimony and the asylum application, although one is perhaps not precisely the discrepancy noted by the IJ. If, as appears, the January 2000 incident was recounted in the testimony, it was mistakenly stated to have occurred in 1996. And the IJ was quite correct to note that the testimony omitted the application's report of the father's five-year sentence, which occurred in the aftermath of the January 2000 incident.

Even if the IJ was mistaken that Klobucista did not testify about the January 2000 incident, but simply confused it with the 1996 incident, remand on that basis would be futile because we can confidently predict that the agency would adhere to its credibility determination absent this error, which was provoked by the confusion in Klobucista's testimony. See Xiao Ji Chen v. U.S. Dep't of Justice, 471 F.3d at 338.

Because the only evidence of a threat to Klobucista's life or freedom depended on Klobucista's credibility, the agency's adverse credibility determination was fatal to his application for withholding of removal and CAT relief. See Paul v. Gonzales, 444 F.3d 148,

5

156 (2d Cir. 2006); <u>Wu Biao Chen v. INS</u>, 344 F.3d 272, 275 (2d Cir. 2003).

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part.  As we have completed our review, any stay of removal previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court